MARSHALL C. WALLACE (BAR NO. 127103)
MATTHEW E. LEE (BAR NO. 306799)
ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, California  94111-4074
Phone:  (415) 837-1515
Fax:  (415) 837-1516
E-Mail:  mwallace@allenmatkins.com
            mlee@allenmatkins.com

BRIAN MOFFET (*pro hac vice application forthcoming*)
MILES & STOCKBRIDGE
100 Light Street
Baltimore, MD 21202
Phone:  (410) 385-3656
E-Mail:  bmoffet@milesstockbridge.com

Attorneys for Defendant
WEST CREEK FINANCIAL, INC., dba KOALAFI

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATESHA TOWNS, individually and on behalf of all others similarly situated,, <br><br> Plaintiff, <br><br> v. <br><br> WEST CREEK FINANCIAL, INC., dba KOALAFI; MATTRESS AND FURNITURE EXPRESS; and DOES 1-5,, <br><br> Defendant. | Case No. <br><br> **DEFENDANT WEST CREEK FINANCIAL, INC.'S NOTICE OF REMOVAL** <br><br> Sacramento County Superior Court, Case No. 34-2022-00325659 <br><br> Complaint Filed:  08/24/2022 |

Defendant WEST CREEK FINANCIAL, INC. D/B/A KOALAFI ("Koalafi"), by its undersigned attorneys, provides notice pursuant to 28 U.S.C. §§ 1441 and 1446 of the removal of the putative class action styled *LaTesha Towns, et al. v. West Creek Financial, Inc. d/b/a Koalafi, et al.*, Case No. No. 34-2022-00325659 (Superior Court of the State of California, County of Sacramento) to the United States District Court for the District of California, Eastern Division. Removal is based on 28 U.S.C. § 1332(d) (the Class Action Fairness Act or "CAFA"). As grounds for removal, Koalafi states the following:

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4873-0041-4518.1
393166.00001
DEFENDANT WEST CREEK FINANCIAL, INC.'S NOTICE OF REMOVAL

# I.    SUMMARY OF PLEADINGS

1.    On August 24, 2022, Plaintiff LaTesha Towns ("Plaintiff"), purportedly on behalf of herself and on behalf of others similarly situated, filed a putative class action complaint and demand for jury trial ("Complaint" or "Compl."), with the Clerk of the Superior Court of the State of California, County of Sacramento (the "State Court Action").  A copy of the Complaint is attached as **Exhibit A**.  The State Court Action was assigned Case Number No. 34-2022-00325659.

2.    The Complaint asserts putative class claim for violations of California's Karnette Rental-Purchase Act, Cal. Civ. Code §§ 1812.620, *et seq.* ("KRPA"); California's Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25 ("CCRAA"); and California's Uniform Competition Law ("UCL"), Cal. Bus. & Prof. Cod §§ 17200, *et seq.* (Compl. ¶¶ 2, 29–53).  Specifically, Plaintiff accuses Koalafi and co-defendants Mattress and Furniture Express ("Mattress Express") and Does 1-5 ("Does") (collectively "Defendants") of violating various California lending laws and consumer protection statutes by (1) excluding particular language from its Rental-Purchase Agreements; (2) reporting late payments to credit reporting agencies; and (3) advertising that it would not inquire into a consumer's credit history.  (*Id.*, ¶¶ 29–53).

3.    Plaintiff alleges three purported classes defined as follows:

**Defective Disclosure Class**

All persons in California who have or had a Rental-Purchase Agreement with Koalafi during the relevant statute of limitations periods.

**Down Payment Class**

All persons in California who have or had a Rental-Purchase Agreement with Koalafi and paid a down payment, during the relevant statute of limitations period.

**Credit Reporting Class**

All persons in California who have or had a Rental-Purchase Agreement with Koalafi and were reported by Koalafi as past due, in default, or in repossession, during the relevant statute of limitations period.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4873-0041-4518.1
393166.00001

-2-
DEFENDANT WEST CREEK FINANCIAL, INC.'S NOTICE OF REMOVAL

1  (*Id.*, ¶ 22).

2      4.      On behalf of herself and these proposed classes, Plaintiff seeks statutory and

3  declaratory relief in addition to actual, exemplary, and punitive damages and reasonable

4  attorneys' fees. (*Id.*, Prayer for Relief, ¶¶ 1–10).

5                          **II.    TIMELINESS OF REMOVAL**

6      5.      <u>Removal is timely</u>.  The Complaint was served on Defendant Koalafi on

7  September 6, 2022.  This Notice of Removal is being filed with the United States District

8  Court for the Eastern District of California, Sacramento Division on October 5, 2022,

9  within thirty days after receipt by Koalafi of the Complaint and summons.  *See* 28 U.S.C. §

10 1446(b).  Koalafi understands that Mattress Express was served but is unaware of the date

11 of service.  Regardless, because removal is under CAFA, Mattress Express's consent to

12 removal is not required.  *See* 28 U.S.C.A. § 1453 ("A class action may be removed to a

13 district court of the United States in accordance with section 1446. . . without regard to

14 whether any defendant is a citizen of the State in which the action is brought, except that

15 such action may be removed by any defendant without the consent of all defendants.").

16              **III.    REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT**

17     6.      The Court has jurisdiction over this action pursuant to the Class Action

18 Fairness Act, 28 U.S.C. §§ 1332(d) & 1453.  Congress passed CAFA with the intent to

19 expand federal jurisdiction over class actions. *See* S. Rep. No. 109-14 (2005) at *43, *as*

20 *reprinted in* 2005 U.S.C.C.A.N. 3, **41 (the Act "is intended to expand substantially

21 federal court jurisdiction over class actions"); *see also Evans v. Walter Industries, Ins.*, 449

22 F.3d 1159, 1164 (11th Cir. 2006) ("The language and structure of CAFA itself indicates

23 that Congress contemplated broad federal court jurisdiction.").

24     7.      A "class action," as defined by CAFA, is "any civil action filed under

25 Rule 23 of the Federal Rules of Civil Procedure or similar [s]tate statute or rule of judicial

26 procedure authorizing an action to be brought by 1 or more representative persons as a

27 class action."  28 U.S.C. § 1332(d)(1)(B).  Plaintiff filed this action as a putative class

28 action pursuant to Cal. Civ. Proc. Code § 382.  (*See* Compl., ¶¶ 22–28).

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

4873-0041-4518.1
393166.00001                                    -3-
                    DEFENDANT WEST CREEK FINANCIAL, INC.'S NOTICE OF REMOVAL

8. CAFA expressly provides that putative class actions filed in state court are removable to federal court on the basis of "minimal diversity" jurisdiction under 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453, where (a) the putative class contains at least one hundred class members; (b) any member of the putative class is a citizen of a state different from any defendant; and (c) and the matter in controversy exceeds the sum or value of five million dollars ($5,000,000), exclusive of interest and costs. Each of these requirements is satisfied here.

9. <u>Numerosity</u>: Under CAFA, the putative classes must contain at least one hundred putative class members. *See* 28 U.S.C. § 1332(d)(5). Here, there are more than 5,000 individuals with addresses in California who entered into a Rental-Purchase Agreement with Koalafi from September 1, 2018, through August 31, 2022. Of these individuals, 245 entered into Rental-Purchase Agreements in transactions that also involved Mattress Express.

10. <u>Citizenship of the Parties</u>: Under CAFA, diversity of citizenship exists between the parties so long as "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2)(A). According to the allegations in the Complaint, at least one proposed class member and one defendant are citizens of different states. Plaintiff is a citizen of the State of California. (Compl., ¶¶ 5). By contrast, Koalafi is a Virginia stock corporation that maintains its headquarters and principal place of business in Virginia. The Complaint does not allege the citizenship of Mattress Express but does allege that Mattress Express maintains locations throughout and regularly does business in Northern California. (Compl., ¶ 7).[1]

11. <u>Amount in Controversy</u>: Under CAFA, the claims of individual class members are aggregated to determine if the matter in controversy exceeds the sum or value

---

[1] The Complaint also names "Doe Defendants 1-5" and identifies them as "other companies or individuals responsible for the terms, contents, substance, and facts surrounding Plaintiff's rental purchase agreement and/or who inaccurately reported the rental purchase account as past due." (Compl., ¶ 9). For purposes of removal, however, the citizenship of these alleged "Doe Defendants" are disregarded. *See* 28 U.S.C. 1441(a) ("For purposes of removal ..., the citizenship of defendants sued under fictitious names shall be disregarded.").

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4873-0041-4518.1
393166.00001

-4-
DEFENDANT WEST CREEK FINANCIAL, INC.'S NOTICE OF REMOVAL

of $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(6).  The amount in controversy is "an estimate of the total amount in dispute."  *Anderson v. Starbucks Corp.*, 556 F. Supp. 3d 1132, 1136 (N.D. Cal. 2020) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)).  The relief sought in this case places an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) ("In sum, as specified in § 1446(a), a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

12.     According to the Complaint, Plaintiff seeks (a) actual damages; (b) restitution; (c) statutory damages of $1,000 for each violation under the KRPA; (d) punitive damages of $5,000 for each violation under the CCRAA; (e) exemplary damages under the KRPA; (f) an injunction ordering Koalafi to remove the tradeline related to Plaintiff's and proposed class members' Rental-Purchase Agreements from their respective credit reports and to cease reporting the related accounts as late, in default, or in repossession, under the CCRAA; (g) a public injunction ordering Koalafi and/or Mattress Express modify its Rental-Purchase Agreement; and (h) reasonable attorneys' fees under the KRPA, CCRAA, and Cal. Civ. Proc. Code § 1021.5.  Based on these allegations, the fact that there are more than 5,000 putative class members under Plaintiff's definitions of the proposed classes, the amount in controversy exceeds $5,000,000, excluding interest and costs.

13.     By establishing the statutory basis for removal under CAFA, Koalafi does not in any way concede the allegations against it, the appropriateness of the proposed class definitions, or the propriety of this action proceeding as a class action. Further, Koalafi's statement that the matter in controversy is in excess of $5 million is not intended to constitute an admission or acquiescence that the types of damages and categories of relief sought by Plaintiff is available for the claims plead or that Plaintiff or the putative classes are entitled to any relief.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4873-0041-4518.1
393166.00001
-5-
DEFENDANT WEST CREEK FINANCIAL, INC.'S NOTICE OF REMOVAL

14.    <u>Venue in this Court is proper</u>.  Pursuant to 28 U.S.C. §§ 1446(a) and 1441(a), this Notice of Removal is being filed in the United States District Court for the District of California, Eastern Division, which is the federal district court embracing the Superior Court for the State of California, County of Sacramento, where the State Court Action was initially filed.

## IV.    PROCEDURAL REQUIREMENTS

15.    <u>Pleadings and Process</u>.  Contemporaneously filed herewith as **Exhibit B** are copies of all process, pleadings, and orders received by Defendant Koalafi in the State Court Action.  *See* 28 U.S.C. § 1446(a).  Also, attached hereto as **Exhibit C** is a copy of the Notice of Filing of Notice of Removal (without exhibits) that Koalafi will file with the Clerk of the Superior Court of the State of California, County of Sacramento and will promptly serve upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

16.    <u>Signature</u>:  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

17.    Because minimal diversity exists, the number of putative class members is greater than 100, and the amount in controversy exceeds $5 million, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2) and removal is proper.

**WHEREFORE**, having satisfied all the requirements for removal under 28 U.S.C. § 1332(d) and 28 U.S.C. §§ 1441 and 1446, Koalafi respectfully serves notice that the above-referenced civil action, now pending in the Superior Court of the State of California, County of Sacramento is removed therefrom to the United States District Court for the District of California, Eastern Division.

Dated:  October 5, 2022

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
MARSHALL C. WALLACE

By:  _M. Cerkelooa_

MARSHALL C. WALLACE
Attorneys for Defendant
WEST CREEK FINANCIAL, INC., dba
KOALAFI

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4873-0041–4518.1
393166.00001

# **<u>EXHIBIT A</u>**

RAY KIM LAW, APC
Raymond Y. Kim (SBN 251210)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone:    833-729-5529
Facsimile:    833-972-9546
E-mail: ray@raykimlaw.com

Attorneys for Plaintiff
LaTesha Towns

FILED
Superior Court Of California,
Sacramento
08/24/2022
bprasad't
By_____ , Deputy
Case Number:
34-2022-00325659

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SACRAMENTO

| | |
|---|---|
| Latesha Towns, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>   vs.<br><br>West Creek Financial, Inc., dba Koalafi; Mattress and Furniture Express; and DOES 1-5.<br><br>    Defendants. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

BY FAX

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

**CLASS ACTION COMPLAINT**

Plaintiff LaTesha Towns ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, brings this Complaint against defendant West Creek Financial, Inc., dba Koalafi ("Koalafi") and Mattress and Furniture Express ("Mattress Express") (together "Defendants"), and alleges as follows:

## SUMMARY OF ACTION

1.     Plaintiff brings this action for damages, restitution, and other legal and equitable remedies, resulting from the illegal actions of Koalafi and Mattress Express with respect to rent-to-own transactions.

2.     In so doing, Defendants have violated the: (i) California Rental-Purchase Act ("CRPA"), Civil Code § 1812.620 *et seq.*; (ii) California Consumer Credit Reporting Agencies Act ("CCRAA"), Civil Code § 1785.25(a); and (iii) California Unfair Competition Law ("UCL"), Business and Professions Code § 17200.

3.     With respect to Koalafi's unlawful rental agreement practice, pursuant to Business and Professions Code § 17203 and Civil Code § 1812.636, Plaintiff seeks a public injunction ordering that, moving forward, Koalafi:  (i) include its actual business address in its rental-purchase agreements; (ii) include in the rental-purchase agreements the model year or date of acquisition of the property if the property is new, or if the property is used, the age or model year; (iii) provide price tag disclosures on the available rent-to-own products with sufficient notices; (iv) cease from demanding and collecting down payments when consummating rental-purchase agreements ; (v) include the accurate "cash price," "total of payments", and "cost of rental" in the rental-purchase agreements; and (vi) remove any provisions requiring consumers to waive trial by court or jury or waive a right to participate in a class action.

4.     With respect to Koalafi's unlawful credit reporting practice, pursuant to Business and Professions Code § 17203, Civil Code § 1785.31, and Civil Code § 1812.636, Plaintiff seeks an injunction for herself and others similarly situated ordering that, moving forward, Koalafi not report rental-purchase accounts as late, in default, or in repossession.

///

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 2 -
**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

**THE PARTIES**

5.     Plaintiff is an individual consumer residing in the State of California, Sacramento County.

6.     Defendant West Creek Financial, Inc., dba Koalafi ("Koalafi") is a leasing and finance company.  Koalafi regularly does business in Sacramento County, California, and is the lessor, issuer and servicer of the rental-purchase agreement at issue.

7.     Defendant Mattress and Furniture Express ("Mattress Express") is mattress and furniture company with locations throughout Northern California.  Mattress Express regularly does business throughout Northern California.

8.     At all times mentioned in the Complaint, each defendant was an agent, employee, or fiduciary representative of each of the other defendants, and in doing the things hereinafter alleged, was acting as the agent of the other within the course and scope of such agency, employment or fiduciary relationship.

9.     Doe Defendants 1-5 are the other companies or individuals responsible for the terms, contents, substance, and facts surrounding Plaintiff's rental purchase agreement and/or who inaccurately reported the rental purchase account as past due.

**JURISDICTION AND VENUE**

10.     The Court has jurisdiction over this matter because the amount in controversy exceeds $25,000.00, and Plaintiff seeks injunctive relief.

11.     Venue in Sacramento County is proper because Plaintiff resides in this County and a substantial portion of the alleged misconduct occurred in this County.  Cal. Civ. Code § 1812.645.

**STATEMENT OF FACTS**

12.     On or about March 3, 2022, Plaintiff and her family went to Mattress Express to purchase a new sofa or sectional for her home.  Plaintiff found a large gray sectional that she liked. There was no price tag or sticker on the sectional, so Plaintiff inquired about the price.  Mattress Express advised that the purchase price was $2,900.00.  Plaintiff said the amount was higher than what she planned to spend, so Mattress Express said it would sell it to Plaintiff at a discounted price of $2,600.00.

- 3 -
**CLASS ACTION COMPLAINT**

13.    Plaintiff agreed to the $2,600.00 discounted price but said that she could not pay the full amount that day. Mattress Express responded that Plaintiff could pay a down payment and finance the remaining balance. Plaintiff agreed.

14.    Plaintiff and the Mattress Express representative sat down at a desk to finalize the paperwork. The representative sat down on one side of the desk with a computer monitor facing the representative, and Plaintiff sat on the other side of the desk. Plaintiff could not see the monitor.

15.    Mattress Express and Plaintiff discussed the down payment. Plaintiff initially offered to put down $1,000.00. Mattress Express responded that $1,000.00 was not enough, and ultimately, Plaintiff paid $1,995.43 as a down payment (the "Down Payment"). Based on Mattress Express's representations, Plaintiff expected to finance the remaining balance of approximately $605.00.

16.    In connection with the financing, Mattress Express stated that it did not need to and would not conduct a credit check or obtain a credit report on Plaintiff.

17.    Ultimately, instead of providing a finance agreement for $605.00, unbeknownst to Plaintiff, Mattress Express and Koalafi provided a Rental-Purchase Agreement (the "Agreement"). Throughout this transaction, Mattress Express acted as an agent and/or fiduciary representative of Koalafi.

18.    Mattress Express did not show Plaintiff the Agreement before she signed it. It did not provide a copy of the Agreement nor show a copy on the monitor. Instead, Mattress Express directed Plaintiff to provide her signature on a digital signature pad and advised that she would receive a copy of the Agreement via email.

19.    Koalafi sent Plaintiff a copy of the Agreement via email. The Agreement is entitled "Rental-Purchase Agreement." The Agreement provides that the "Cash Price" of the sectional is **$1,000.00** (and not the remaining balance of $605.00), and Plaintiff is required to make 26 bi-weekly payments of $88.69 over one year. The total "Cost of Rental" is listed as **$1,316.63**, and of "Total of Payments" is listed as **$2,316.63**. The Agreement does not account for the Down Payment of **$1,995.43** that Plaintiff paid. In addition, among other things, the Agreement: (i) does not contain Koalafi's business address; (ii) does not list the model year of the sectional nor the date

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 4 -
**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

1    of the property's acquisition; (iii) does not list the correct total amount of payment necessary to

2    acquire ownership, because it does not account for the Down Payment; (iv) lists the incorrect "cash

3    price," because it does not account for the Down Payment; (v) lists the incorrect "cost of rental,"

4    because it does not account for the Down Payment; (vi) requires Plaintiff to waive her right to trial

5    by court or jury, to participate in a class action as a class representative, class member, or class

6    opponent, or join or consolidate claim; (vii) required Plaintiff to make the Down Payment, and

7    failed to account for the Down Payment in the Agreement.

8        20.     Mattress Express and Koalafi advertised, represented and/or implied that no inquiry

9    would be made in Plaintiff's credit history, and did not obtain a consumer credit report on Plaintiff

10    from credit reporting agencies Plaintiff before entering in the Agreement.

11        21.     Beginning in April 2022, Koalafi began reporting Plaintiff's rental-purchase account

12    (the "Account") as past due.

### CLASS ACTION ALLEGATIONS

14        22.     Plaintiff brings this action on behalf of Plaintiff and all others similarly situated (the

15    "Classes"), pursuant to California Code of Civil Procedure § 382 on behalf of the Classes defined as

16    follows:

**Defective Disclosure Class**

All persons in California who have or had a Rental-Purchase Agreement with Koalafi during the relevant statute of limitations periods.

**Down Payment Class**

All persons in California who have or had a Rental-Purchase Agreement with Koalafi and paid a down payment, during the relevant statute of limitations period.

**Credit Reporting Class**

All persons in California who have or had a Rental-Purchase Agreement with Koalafi and were reported by Koalafi as past due, in default, or in repossession, during the relevant statute of limitations period.

26        23.     Excluded from the Classes are: (1) Defendants, any entity or division in which

27    Defendants have a controlling interest, and their legal representatives, officers, directors, assigns,

28    and successors; and (2) the Judge to whom this case is assigned and the Judge's staff. Plaintiff

- 5 -

**CLASS ACTION COMPLAINT**

1    reserves the right to amend or expand the Classes' definitions to seek recovery on behalf of

2    additional persons as warranted as facts are learned in further investigation and discovery.

3        24.    A sufficient similarity exists with respect to the rental purchase agreements that

4    Plaintiff and the Classes have entered into with Koalafi in that all of the agreements contains the

5    same or similar defective disclosures and provisions, failed to account for the down payment,

6    and/or were reported to credit reporting agencies.  If there is a sufficient similarity between the

7    treatment Plaintiff and members of the Classes received, any concerns regarding material

8    differences in the agreements can be addressed at the class certification stage.

9        25.    The members of the Classes are so numerous that joinder of all members would be

10   unfeasible and impractical.  The membership of the Classes is currently unknown to Plaintiff at this

11   time; however, given that, on information and belief, Koalafi opened hundreds or even thousands of

12   rental purchase agreements in California during the applicable statute of limitations periods, it is

13   reasonable to presume that the members of the Classes are so numerous that joinder of all members

14   is impracticable. The disposition of their claims in a class action will provide substantial benefits to

15   the parties and the Court.

16       26.    There is a well-defined community of interest in the questions of law and fact

17   involved in this case.

18       27.    Plaintiff is asserting claims that are typical of the Classes because every other

19   member of the Classes, like Plaintiff, were exposed to virtually identical conduct and are entitled to

20   the restitution, actual damages, statutory damages, exemplary damages, and equitable relief

21   pursuant to Civil Code § 1812.636, Business & Professions Code § 17200 *et seq.*, and/or Civil Code

22   § 1785.31.

23       28.    All causes of action herein have been brought and may properly be maintained as a

24   class action pursuant to the provisions of the Code of Civil Procedure section 382 because there is a

25   well-defined community of interest in the litigation and the proposed class is easily ascertainable:

26           a. **Numerosity**: On information and belief, The Classes are so numerous that the

27   individual joinder of all members would be impracticable.

28           b. **Common Questions Predominate**: Common questions of law and fact exist as to

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 6 -
**CLASS ACTION COMPLAINT**

1   all members of the Classes, and those questions clearly predominate over any questions that might

2   affect members individually.  There is a well-defined community of interest in the questions of law

3   and fact involved which affect the parties to be represented.  The questions of law and fact to the

4   Classes predominate over questions which may affect individual Class members, including the

5   following:

    a.  Whether Koalafi has a policy and practice of consummating rental purchase
        agreements without a business address;

    b.  Whether Koalafi has a policy and practice of consummating rental purchase
        agreements without information regarding the model year of the property and/or date
        of acquisition of the property;

    c.  Whether Koalafi has a policy and practice of collecting down payments on rental
        products;

    d.  Whether Koalafi has a policy and practice of not accounting for down payments in
        rental-purchase agreements;

    e.  Whether Koalafi has a policy and practice of not providing a price tag disclosure, i.e.
        failing to display the rent-to-own disclosure box on a tag or sticker stating that the
        product is available for rent;

    f.  Whether Koalafi has a policy and practice of requiring consumers to waive their
        rights to trial by court or jury, to participate in a class action as a class representative,
        class member, or class opponent, or to join or consolidate claims;

    g.  Whether Koalafi has a policy and practice of reporting rental-purchase accounts as
        late, in default, or in repossession.

c. **Typicality**: On information and belief, Plaintiff's claims are typical of the claims of

the members of the Classes.  Plaintiff and all members of the Classes sustained damages and injuries

arising out of Defendants', and particularly Koalafi's, common course of conduct complained herein.

d. **Adequacy**:  Plaintiff will fairly and adequately protect the interest of the members

of the Classes because Plaintiff has no interests which are adverse to the interest of absent class

members and because Plaintiff has retained counsel who possess significant class action litigation

experience regarding alleged violations of consumer statutes.

e. **Superiority**: A class action is superior to other available means for the fair and

efficient adjudication of this controversy since individual joinder of all members would be

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 7 -
**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

1  impracticable. Class action treatment will permit a large number of similarly situated persons to

2  prosecute their common claims in a single forum simultaneously, efficiently and without the

3  unnecessary duplication of effort and expense that numerous individual actions would engender.

4  Furthermore, since most class members' individual claims for damages and restitution are likely to

5  be modest, the expenses and burdens of litigating individual actions would make it difficult or

6  impossible for individual members of the Classes to redress the wrongs done to them. An important

7  public interest will be served by addressing the matter as a class action, substantial economies to the

8  litigants and to the judicial system will be realized and the potential for inconsistent or contradictory

9  judgments will be avoided.

## FIRST CAUSE OF ACTION

### CALIFORNIA RENTAL-PURCHASE ACT

#### Cal. Civil Code § 1812.620 *et seq.*

#### (Against all Defendants)

14       29.    Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if

15  fully set forth herein.

16       30.    Koalafi and Mattress Express, personally or as an agent for Koalafi, is a "lessor" that

17  offers to provide personal property for use by consumers pursuant to a rental-purchase agreement.

18       31.    Plaintiff is a "consumer" because she is a person who rented or leased personal

19  property from a lessor pursuant to a rental-purchase agreement or to whom a lessor offered personal

20  property for use pursuant to a rental-purchase agreement.

21       32.    Defendants' acts and omissions violated Cal. Civ. Code § 1812.623 including, but

22  not limited to, the subdivisions listed below:

23           a)    Defendants failed to include an actual business address in the Rental-Purchase

24           Agreement. Civil Code § 1812.623(a)(1).

25           b)    Defendants failed to include information regarding the model year of the

26           property and/or date of acquisition of the property in the Agreement. Civil Code §

27           1812.623(a)(2).

28

- 8 -

**CLASS ACTION COMPLAINT**

c)      Defendants failed to include the correct total amount of payment necessary to acquire ownership in the Agreement, by failing to include the Down Payment.  Civil Code § 1812.623(a)(4).

d)      Defendants failed to include the correct "Cash Price" in the Agreement, by failing to include the Down Payment.  Civil Code § 1812.623(a)(5).

e)      Defendants failed to include the correct "Cost of Rental" in the Agreement, by failing to include the Down Payment.  Civil Code § 1812.623(a)(6).

f)      Defendants unlawfully required Plaintiff to waive her right to trial by court or jury, to participate in a class action as a class representative, class member, or class opponent, or join or consolidate claim.  Civil Code § 1812.624 (a)(4).

g)      Defendants unlawfully collected from Plaintiff a down payment of $1,995.43.  Civil Code § 1812.624 (a)(8).

h)      Defendants failed to include failed to display the disclosures required by paragraphs (3), (4), (5), and (6) of subdivision (a) of Section 1812.623 on a tag or sticker stating that the product is available for rental-purchase.   Civil Code § 1812.623(c).

33.     Defendants' acts and omissions violated Cal. Civ. Code §§ 1812.630, 1812.640 in that Defendants advertised, stated, and/or implied that no inquiry will be made of a consumer's credit history or creditworthiness but reported late payments to consumer credit reporting agencies.

34.     Pursuant to Civil Code section 1812.636, Plaintiff and the members of the Credit Reporting Class are entitled to an injunction deleting any tradeline relating to the Agreement or rental-purchase accounts with Defendants and restraining Koalafi from further reporting the accounts as past due.

35.     Plaintiff and the members of the Classes are also entitled to actual damages, statutory damages, and exemplary damages, attorney fees, costs, and any additional equitable relief the Court deems appropriate.

## SECOND CAUSE OF ACTION

## CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

- 9 -

CLASS ACTION COMPLAINT

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

**California Civil Code §1785.25**

**(Against Koalafi Only)**

36.    Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

37.    As the furnisher of information to credit reporting agencies, Koalafi is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if it knew or should have known the information was incomplete or inaccurate, as required California Civil Code § 1785.25(a) of the California CCRAA.

38.    Koalafi has violated its obligations under Section 1785.25(a) of the CCRAA by reporting information that the Account, and accounts belonging to other members of the Credit Reporting Class, was in past due status when California law states that it cannot.

39.    The Rental-Purchase Act provides in pertinent part:  "A lessor shall not report any late payment, default, or repossession to a consumer credit reporting agency... or to an investigative consumer reporting agency ... if the lessor (a) advertises "no credit check" or otherwise states or implies that no inquiry will be made of a consumer's credit history or creditworthiness or (b) does not obtain a consumer credit report or investigative consumer report on a consumer before entering into a rental-purchase agreement with that consumer."  Cal. Civ. Code § 1812.640.

40.    Defendants advertised, stated, and/or implied that no inquiry would be made into Plaintiff's and other Credit Reporting Class Members' credit history.  However, Koalafi continues to report Plaintiff's and other Credit Reporting Class Members' rental-purchase accounts as past due.  Thus, Koalafi's credit reporting is inaccurate and in violation of the CCRAA.[1]

41.    Every month that Koalafi continues to inaccurately report a past due payment is a separate and distinct action of furnishing credit reporting information, and is therefore a separate and distinct violation of California Civil Code § 1785.25(a).

---

[1] In addition, Koalafi's reporting of Plaintiff's Account as past due is inaccurate because the Account is not past due in the manner in which Koalafi reports the Account as past due.  Plaintiff's Agreement requires bi-weekly payments, and even before the Account became more than thirty days past due, Koalafi inaccurately reported the Account as past due.  Plaintiff does not bring a claim under the CCRAA against Koalafi for this error, because Koalafi should not have been reporting the Account to begin with.

- 10 -

**CLASS ACTION COMPLAINT**

1    42.    Koalafi is a "lessor," and it knew, or should have known, that the Account should

2    not be reported as past due.

3    43.    Koalafi's violations were negligent at a minimum, as a reasonable person would

4    have known that the Account payment history was not accurate, factually or legally. *Gross v.*

5    *CitiMortgage, Inc.*, 33 F.4th 1246, 1253 (9th Cir. 2022) ("As the Consumer Financial Protection

6    Bureau emphasized in its amicus brief, FCRA does not categorically exempt legal issues from the

7    investigations that furnishers must conduct. The distinction between 'legal' and 'factual' issues is

8    ambiguous, potentially unworkable, and could invite furnishers to 'evade their investigation

9    obligation by construing the relevant dispute as a 'legal' one.'") (citation omitted).

10    44.    Plaintiff is informed and believes that Koalafi's violations were willful, in that

11    Koalafi acted with such a high degree of risk of committing a legal violation that was higher than

12    mere carelessness, because Koalafi is a lessor that knew, or should have known, of its duties and

13    obligations under the Rental-Purchase Act and the harm that it would cause to Plaintiff and Class

14    Members.

15    **THIRD CAUSE OF ACTION**

16    **UNFAIR COMPETITION LAW**

17    **California Business & Professions Code § 17200**

18    **(Against All Defendants)**

19    45.    Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if

20    fully set forth herein.

21    46.    The UCL defines unfair competition to include any unlawful, unfair, or fraudulent

22    business act or practice.  The UCL provides that a court may order injunctive relief to affected

23    members of the general public as remedies for any violations of the UCL.

24    47.    Beginning on an exact date unknown to plaintiffs, but at all times relevant herein,

25    Defendants have committed acts of unfair and unlawful competition proscribed by the UCL,

26    including the practices alleged herein.  The acts of unfair competition include the following:

27    a)    Defendants failed to include an actual business address in the Rental-Purchase

28    Agreement.  Civil Code § 1812.623(a)(1).

- 11 -
**CLASS ACTION COMPLAINT**

*Ray Kim Law, APC*
*355 South Grand Avenue, Suite 2450*
*Los Angeles, CA 90071*

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

1    b)    Defendants failed to include information regarding the model year of the
2    property and/or date of acquisition of the property in the Agreement.  Civil Code §
3    1812.623(a)(2).

4    c)    Defendants failed to include the correct total amount of payment necessary to
5    acquire ownership in the Agreement.  Civil Code § 1812.623(a)(4).

6    d)    Defendants failed to include the correct "Cash Price" in the Agreement.  Civil
7    Code § 1812.623(a)(5).

8    e)    Defendants failed to include the correct "Cost of Rental" in the Agreement, by
9    failing to include the Down Payment.  Civil Code § 1812.623(a)(6).

10    f)    Defendants unlawfully required Plaintiff to waive her right to trial by court or
11    jury, to participate in a class action as a class representative, class member, or class
12    opponent, or join or consolidate claim.  Civil Code § 1812.624 (a)(4).

13    g)    Defendants unlawfully required and collected from Plaintiff a down payment
14    of $1,995.43.  Civil Code § 1812.624 (a)(8).

15    h)    Defendants failed to include failed to display the disclosures required by
16    paragraphs (3), (4), (5), and (6) of subdivision (a) of Section 1812.623 on a tag or
17    sticker stating that the product is available for rental-purchase.  Civil Code §
18    1812.623(c).

19    i)    Defendants advertised, stated, and/or implied that no inquiry will be made of
20    a consumer's credit history or creditworthiness, but Koalafi reported late payments to
21    consumer credit reporting agencies.

22    j)    Defendants represented that the sectional would be sold at $2,600.00, but then
23    charged Plaintiff a total of $2,995.43, in addition to the cost of rental, which was an
24    additional $1,316.63, for a Total of Payments of $4,312.06 (and not $2,316.63 as set
25    forth in the Agreement).  Cal. Civ. Code §1770(a)(4), (9), (16).

26    48.    The business acts and practices of defendants, as hereinabove alleged, constitute
27    unfair business practices in that said acts and practices offend public policy and are substantially

28

- 12 -
**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

1  injurious to consumers.  These acts and practices have no utility that outweighs their substantial
2  harm to consumers.

3       49.     The business acts and practices of Defendants constitute unlawful business practices
4  in that Defendants committed acts of unfair competition, including those described above, by
5  engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§
6  17200, *et seq*., by failing to comply with the Rental-Purchase Act, Consumer Legal Remedies Act,
7  and Consumer Credit Reporting Agencies Act.

8       50.     The unfair and unlawful business acts and practices of Defendants described herein
9  present a continuing threat to Plaintiff and members of the general public in that Defendants are
10  currently engaging in such acts and practices and will persist and continue to do so unless and until
11  a public injunction is issued by this Court.

12       51.     Pursuant to Business and Professions Code § 17203, Plaintiff seeks a public
13  injunction ordering that, moving forward, Koalafi:  (i) include its actual business address in the
14  rental-purchase agreement; (ii) include in the rental-purchase agreement the model year or date of
15  acquisition of the property if the property is new, or if the property is used, the age or model year;
16  (iii) provide a price tag disclosure on the product with sufficient notices; (iv) cease from demanding
17  and collecting down payments when consummating a rental-purchase agreement ; (v) include the
18  accurate "cash price," "total of payments," and "cost of rental" in the rental-purchase agreement;
19  and (vi) remove any provisions requiring consumers to waive trial by court or jury or waive a right
20  to participate in a class action.  Plaintiff is entitled to a public injunction as a private attorney
21  general, without the necessity of class certification.

22       52.     In addition, pursuant to Business and Professions Code § 17203, Civil Code §
23  1785.31, and/or Civil Code § 1812.636, with respect to Koalafi's unlawful credit reporting practice,
24  Plaintiff seeks an injunction ordering that Koalafi delete the tradelines relating to Credit Reporting
25  Class Members rental-purchase account and cease reporting rental-purchase accounts as late, in
26  default, or in repossession.

27       53.     Pursuant to Code of Civil Procedure § 1021.5, Plaintiff seeks recovery of her
28  attorney's fees, costs and expenses incurred in the filing and prosecution of this action.

- 13 -
**CLASS ACTION COMPLAINT**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Koalafi, and Plaintiff be awarded the following legal and equitable relief:

1. Actual damages;

2. Restitution;

3. Statutory damages of $1,000.00 for each violation pursuant to California Civil Code § 1812.636;

4. Punitive damages of $5,000.00 for each individual violation of the CCRAA, pursuant to California Civil Code § 1785.31(a)(2)(A)-(C);

5. Exemplary damages as the Court deems proper pursuant to California Civil Code § 1812.636;

6. Injunctive relief ordering Koalafi to remove the Account tradeline from Plaintiff's credit reports and from members of the Credit Reporting Class, pursuant to California Civil Code § 1785.31(b);

7. A public injunction ordering that, moving forward, Koalafi and/or Mattress Express: (i) include its actual business address in the rental-purchase agreement; (ii) include in the rental-purchase agreement the model year or date of acquisition of the property if the property is new, or if the property is used, the age or model year; (iii) provide a price tag disclosure on rental products with sufficient notices; (iv) cease from demanding and collecting down payments when consummating a rental-purchase agreement ; (v) include the accurate cash price in the rental-purchase agreement; and (vi) remove any provisions requiring consumers to waive trial by court or jury or waive a right to participate in a class action. .

8. With respect to Koalafi's unlawful credit reporting practice, an injunction ordering that Koalafi delete the tradelines relating to Credit Reporting Class Members rental-purchase account and cease reporting rental-purchase accounts as late, in default, or in repossession.

9. Reasonable attorney's fees and costs to bring and maintain the instant action, pursuant to the Rental-Purchase Act, CCRAA, and Code of Civil Procedure § 1021.5.

10. For such other and further relief as the Court may deem just and proper.

- 14 -
**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated:  August 24, 2022                              RAY KIM LAW, APC

_____
Raymond Y. Kim
Attorneys for Plaintiff
LaTesha Towns

- 15 -
**CLASS ACTION COMPLAINT**

# <u>**EXHIBIT B**</u>

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FILED
Superior Court Of California,
Sacramento

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

bpresad1

By _____ , Deputy

Case Number:

**34-2022-00325659**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
West Creek Financial, Inc., dba Koalafi; Mattress and Furniture Express; and DOES 1-5

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Latesha Towns, individually and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, County of
Sacramento, 720 9th Str. Sacramento, CA 95814

**CASE NUMBER:**
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
RAY KIM LAW, APC; Raymond Y. Kim (SBN 251210), 355 South Grand Ave., Suite 2450, Los Angeles, CA 90071; 833-972-5529

DATE: APR 2 5 2022
*(Fecha)*

Clerk, by **B. PRASAD** , Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* West Creek Financial INC dbg Koalafi
   under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

BY FAX

RAY KIM LAW, APC
Raymond Y. Kim (SBN 251210)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone:    833-729-5529
Facsimile:    833-972-9546
E-mail: ray@raykimlaw.com

Attorneys for Plaintiff
LaTesha Towns

FILED
Superior Court Of California,
Sacramento
08/24/2022
bprasad t
By _____ , Deputy
Case Number:
34-2022-00325659

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SACRAMENTO

| | |
|---|---|
| Latesha Towns, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>West Creek Financial, Inc., dba Koalafi; Mattress and Furniture Express; and DOES 1-5.<br><br>                    Defendants. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

BY FAX

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

**CLASS ACTION COMPLAINT**

1   Plaintiff LaTesha Towns ("Plaintiff"), individually and on behalf of all others similarly

2   situated, by and through her attorneys, brings this Complaint against defendant West Creek

3   Financial, Inc., dba Koalafi ("Koalafi") and Mattress and Furniture Express ("Mattress Express")

4   (together "Defendants"), and alleges as follows:

5   ## SUMMARY OF ACTION

6   1.   Plaintiff brings this action for damages, restitution, and other legal and equitable

7   remedies, resulting from the illegal actions of Koalafi and Mattress Express with respect to rent-to-

8   own transactions.

9   2.   In so doing, Defendants have violated the: (i) California Rental-Purchase Act

10  ("CRPA"), Civil Code § 1812.620 *et seq.*; (ii) California Consumer Credit Reporting Agencies Act

11  ("CCRAA"), Civil Code § 1785.25(a); and (iii) California Unfair Competition Law ("UCL"),

12  Business and Professions Code § 17200.

13  3.   With respect to Koalafi's unlawful rental agreement practice, pursuant to Business

14  and Professions Code § 17203 and Civil Code § 1812.636, Plaintiff seeks a public injunction

15  ordering that, moving forward, Koalafi:  (i) include its actual business address in its rental-purchase

16  agreements; (ii) include in the rental-purchase agreements the model year or date of acquisition of

17  the property if the property is new, or if the property is used, the age or model year; (iii) provide

18  price tag disclosures on the available rent-to-own products with sufficient notices; (iv) cease from

19  demanding and collecting down payments when consummating rental-purchase agreements ; (v)

20  include the accurate "cash price," "total of payments", and "cost of rental" in the rental-purchase

21  agreements; and (vi) remove any provisions requiring consumers to waive trial by court or jury or

22  waive a right to participate in a class action.

23  4.   With respect to Koalafi's unlawful credit reporting practice, pursuant to Business

24  and Professions Code § 17203, Civil Code § 1785.31, and Civil Code § 1812.636, Plaintiff seeks an

25  injunction for herself and others similarly situated ordering that, moving forward, Koalafi not report

26  rental-purchase accounts as late, in default, or in repossession.

27  ///

28

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 2 -
### CLASS ACTION COMPLAINT

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

**THE PARTIES**

5.     Plaintiff is an individual consumer residing in the State of California, Sacramento County.

6.     Defendant West Creek Financial, Inc., dba Koalafi ("Koalafi") is a leasing and finance company.  Koalafi regularly does business in Sacramento County, California, and is the lessor, issuer and servicer of the rental-purchase agreement at issue.

7.     Defendant Mattress and Furniture Express ("Mattress Express") is mattress and furniture company with locations throughout Northern California.  Mattress Express regularly does business throughout Northern California.

8.     At all times mentioned in the Complaint, each defendant was an agent, employee, or fiduciary representative of each of the other defendants, and in doing the things hereinafter alleged, was acting as the agent of the other within the course and scope of such agency, employment or fiduciary relationship.

9.     Doe Defendants 1-5 are the other companies or individuals responsible for the terms, contents, substance, and facts surrounding Plaintiff's rental purchase agreement and/or who inaccurately reported the rental purchase account as past due.

**JURISDICTION AND VENUE**

10.     The Court has jurisdiction over this matter because the amount in controversy exceeds $25,000.00, and Plaintiff seeks injunctive relief.

11.     Venue in Sacramento County is proper because Plaintiff resides in this County and a substantial portion of the alleged misconduct occurred in this County.  Cal. Civ. Code § 1812.645.

**STATEMENT OF FACTS**

12.     On or about March 3, 2022, Plaintiff and her family went to Mattress Express to purchase a new sofa or sectional for her home.  Plaintiff found a large gray sectional that she liked.  There was no price tag or sticker on the sectional, so Plaintiff inquired about the price.  Mattress Express advised that the purchase price was $2,900.00.  Plaintiff said the amount was higher than what she planned to spend, so Mattress Express said it would sell it to Plaintiff at a discounted price of $2,600.00.

- 3 -

**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

13.    Plaintiff agreed to the $2,600.00 discounted price but said that she could not pay the full amount that day. Mattress Express responded that Plaintiff could pay a down payment and finance the remaining balance. Plaintiff agreed.

14.    Plaintiff and the Mattress Express representative sat down at a desk to finalize the paperwork. The representative sat down on one side of the desk with a computer monitor facing the representative, and Plaintiff sat on the other side of the desk. Plaintiff could not see the monitor.

15.    Mattress Express and Plaintiff discussed the down payment. Plaintiff initially offered to put down $1,000.00. Mattress Express responded that $1,000.00 was not enough, and ultimately, Plaintiff paid $1,995.43 as a down payment (the "Down Payment"). Based on Mattress Express's representations, Plaintiff expected to finance the remaining balance of approximately $605.00.

16.    In connection with the financing, Mattress Express stated that it did not need to and would not conduct a credit check or obtain a credit report on Plaintiff.

17.    Ultimately, instead of providing a finance agreement for $605.00, unbeknownst to Plaintiff, Mattress Express and Koalafi provided a Rental-Purchase Agreement (the "Agreement"). Throughout this transaction, Mattress Express acted as an agent and/or fiduciary representative of Koalafi.

18.    Mattress Express did not show Plaintiff the Agreement before she signed it. It did not provide a copy of the Agreement nor show a copy on the monitor. Instead, Mattress Express directed Plaintiff to provide her signature on a digital signature pad and advised that she would receive a copy of the Agreement via email.

19.    Koalafi sent Plaintiff a copy of the Agreement via email. The Agreement is entitled "Rental-Purchase Agreement." The Agreement provides that the "Cash Price" of the sectional is **$1,000.00** (and not the remaining balance of $605.00), and Plaintiff is required to make 26 bi-weekly payments of $88.69 over one year. The total "Cost of Rental" is listed as **$1,316.63**, and of "Total of Payments" is listed as **$2,316.63**. The Agreement does not account for the Down Payment of **$1,995.43** that Plaintiff paid. In addition, among other things, the Agreement: (i) does not contain Koalafi's business address; (ii) does not list the model year of the sectional nor the date

- 4 -
**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

1 of the property's acquisition; (iii) does not list the correct total amount of payment necessary to

2 acquire ownership, because it does not account for the Down Payment; (iv) lists the incorrect "cash

3 price," because it does not account for the Down Payment; (v) lists the incorrect "cost of rental,"

4 because it does not account for the Down Payment; (vi) requires Plaintiff to waive her right to trial

5 by court or jury, to participate in a class action as a class representative, class member, or class

6 opponent, or join or consolidate claim; (vii) required Plaintiff to make the Down Payment, and

7 failed to account for the Down Payment in the Agreement.

8    20. Mattress Express and Koalafi advertised, represented and/or implied that no inquiry

9 would be made in Plaintiff's credit history, and did not obtain a consumer credit report on Plaintiff

10 from credit reporting agencies Plaintiff before entering in the Agreement.

11    21. Beginning in April 2022, Koalafi began reporting Plaintiff's rental-purchase account

12 (the "Account") as past due.

### CLASS ACTION ALLEGATIONS

14    22. Plaintiff brings this action on behalf of Plaintiff and all others similarly situated (the

15 "Classes"), pursuant to California Code of Civil Procedure § 382 on behalf of the Classes defined as

16 follows:

**Defective Disclosure Class**

All persons in California who have or had a Rental-Purchase Agreement with Koalafi during the relevant statute of limitations periods.

**Down Payment Class**

All persons in California who have or had a Rental-Purchase Agreement with Koalafi and paid a down payment, during the relevant statute of limitations period.

**Credit Reporting Class**

All persons in California who have or had a Rental-Purchase Agreement with Koalafi and were reported by Koalafi as past due, in default, or in repossession, during the relevant statute of limitations period.

26    23. Excluded from the Classes are: (1) Defendants, any entity or division in which

27 Defendants have a controlling interest, and their legal representatives, officers, directors, assigns,

28 and successors; and (2) the Judge to whom this case is assigned and the Judge's staff.  Plaintiff

- 5 -

**CLASS ACTION COMPLAINT**

1    reserves the right to amend or expand the Classes' definitions to seek recovery on behalf of

2    additional persons as warranted as facts are learned in further investigation and discovery.

3        24.    A sufficient similarity exists with respect to the rental purchase agreements that

4    Plaintiff and the Classes have entered into with Koalafi in that all of the agreements contains the

5    same or similar defective disclosures and provisions, failed to account for the down payment,

6    and/or were reported to credit reporting agencies. If there is a sufficient similarity between the

7    treatment Plaintiff and members of the Classes received, any concerns regarding material

8    differences in the agreements can be addressed at the class certification stage.

9        25.    The members of the Classes are so numerous that joinder of all members would be

10   unfeasible and impractical. The membership of the Classes is currently unknown to Plaintiff at this

11   time; however, given that, on information and belief, Koalafi opened hundreds or even thousands of

12   rental purchase agreements in California during the applicable statute of limitations periods, it is

13   reasonable to presume that the members of the Classes are so numerous that joinder of all members

14   is impracticable. The disposition of their claims in a class action will provide substantial benefits to

15   the parties and the Court.

16       26.    There is a well-defined community of interest in the questions of law and fact

17   involved in this case.

18       27.    Plaintiff is asserting claims that are typical of the Classes because every other

19   member of the Classes, like Plaintiff, were exposed to virtually identical conduct and are entitled to

20   the restitution, actual damages, statutory damages, exemplary damages, and equitable relief

21   pursuant to Civil Code § 1812.636, Business & Professions Code § 17200 *et seq.*, and/or Civil Code

22   § 1785.31.

23       28.    All causes of action herein have been brought and may properly be maintained as a

24   class action pursuant to the provisions of the Code of Civil Procedure section 382 because there is a

25   well-defined community of interest in the litigation and the proposed class is easily ascertainable:

26       a. **Numerosity**: On information and belief, The Classes are so numerous that the

27   individual joinder of all members would be impracticable.

28       b. **Common Questions Predominate**: Common questions of law and fact exist as to

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 6 -
**CLASS ACTION COMPLAINT**

1    all members of the Classes, and those questions clearly predominate over any questions that might

2    affect members individually.  There is a well-defined community of interest in the questions of law

3    and fact involved which affect the parties to be represented.  The questions of law and fact to the

4    Classes predominate over questions which may affect individual Class members, including the

5    following:

    a.   Whether Koalafi has a policy and practice of consummating rental purchase agreements without a business address;

    b.   Whether Koalafi has a policy and practice of consummating rental purchase agreements without information regarding the model year of the property and/or date of acquisition of the property;

    c.   Whether Koalafi has a policy and practice of collecting down payments on rental products;

    d.   Whether Koalafi has a policy and practice of not accounting for down payments in rental-purchase agreements;

    e.   Whether Koalafi has a policy and practice of not providing a price tag disclosure, i.e. failing to display the rent-to-own disclosure box on a tag or sticker stating that the product is available for rent;

    f.   Whether Koalafi has a policy and practice of requiring consumers to waive their rights to trial by court or jury, to participate in a class action as a class representative, class member, or class opponent, or to join or consolidate claims;

    g.   Whether Koalafi has a policy and practice of reporting rental-purchase accounts as late, in default, or in repossession.

    c. **Typicality**: On information and belief, Plaintiff's claims are typical of the claims of the members of the Classes.  Plaintiff and all members of the Classes sustained damages and injuries arising out of Defendants', and particularly Koalafi's, common course of conduct complained herein.

    d. **Adequacy**:  Plaintiff will fairly and adequately protect the interest of the members of the Classes because Plaintiff has no interests which are adverse to the interest of absent class members and because Plaintiff has retained counsel who possess significant class action litigation experience regarding alleged violations of consumer statutes.

    e. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members would be

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 7 -
**CLASS ACTION COMPLAINT**

1    impracticable. Class action treatment will permit a large number of similarly situated persons to

2    prosecute their common claims in a single forum simultaneously, efficiently and without the

3    unnecessary duplication of effort and expense that numerous individual actions would engender.

4    Furthermore, since most class members' individual claims for damages and restitution are likely to

5    be modest, the expenses and burdens of litigating individual actions would make it difficult or

6    impossible for individual members of the Classes to redress the wrongs done to them. An important

7    public interest will be served by addressing the matter as a class action, substantial economies to the

8    litigants and to the judicial system will be realized and the potential for inconsistent or contradictory

9    judgments will be avoided.

### FIRST CAUSE OF ACTION

### CALIFORNIA RENTAL-PURCHASE ACT

#### Cal. Civil Code § 1812.620 *et seq.*

#### (Against all Defendants)

29.    Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

30.    Koalafi and Mattress Express, personally or as an agent for Koalafi, is a "lessor" that offers to provide personal property for use by consumers pursuant to a rental-purchase agreement.

31.    Plaintiff is a "consumer" because she is a person who rented or leased personal property from a lessor pursuant to a rental-purchase agreement or to whom a lessor offered personal property for use pursuant to a rental-purchase agreement.

32.    Defendants' acts and omissions violated Cal. Civ. Code § 1812.623 including, but not limited to, the subdivisions listed below:

a)    Defendants failed to include an actual business address in the Rental-Purchase Agreement. Civil Code § 1812.623(a)(1).

b)    Defendants failed to include information regarding the model year of the property and/or date of acquisition of the property in the Agreement. Civil Code § 1812.623(a)(2).

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 8 -
### CLASS ACTION COMPLAINT

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

c)      Defendants failed to include the correct total amount of payment necessary to acquire ownership in the Agreement, by failing to include the Down Payment.  Civil Code § 1812.623(a)(4).

d)      Defendants failed to include the correct "Cash Price" in the Agreement, by failing to include the Down Payment.  Civil Code § 1812.623(a)(5).

e)      Defendants failed to include the correct "Cost of Rental" in the Agreement, by failing to include the Down Payment.  Civil Code § 1812.623(a)(6).

f)      Defendants unlawfully required Plaintiff to waive her right to trial by court or jury, to participate in a class action as a class representative, class member, or class opponent, or join or consolidate claim.  Civil Code § 1812.624 (a)(4).

g)      Defendants unlawfully collected from Plaintiff a down payment of $1,995.43.  Civil Code § 1812.624 (a)(8).

h)      Defendants failed to include failed to display the disclosures required by paragraphs (3), (4), (5), and (6) of subdivision (a) of Section 1812.623 on a tag or sticker stating that the product is available for rental-purchase.  Civil Code § 1812.623(c).

33.    Defendants' acts and omissions violated Cal. Civ. Code §§ 1812.630, 1812.640 in that Defendants advertised, stated, and/or implied that no inquiry will be made of a consumer's credit history or creditworthiness but reported late payments to consumer credit reporting agencies.

34.    Pursuant to Civil Code section 1812.636, Plaintiff and the members of the Credit Reporting Class are entitled to an injunction deleting any tradeline relating to the Agreement or rental-purchase accounts with Defendants and restraining Koalafi from further reporting the accounts as past due.

35.    Plaintiff and the members of the Classes are also entitled to actual damages, statutory damages, and exemplary damages, attorney fees, costs, and any additional equitable relief the Court deems appropriate.

## SECOND CAUSE OF ACTION

### CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

- 9 -

**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

**California Civil Code §1785.25**

**(Against Koalafi Only)**

36.     Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

37.     As the furnisher of information to credit reporting agencies, Koalafi is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if it knew or should have known the information was incomplete or inaccurate, as required California Civil Code § 1785.25(a) of the California CCRAA.

38.     Koalafi has violated its obligations under Section 1785.25(a) of the CCRAA by reporting information that the Account, and accounts belonging to other members of the Credit Reporting Class, was in past due status when California law states that it cannot.

39.     The Rental-Purchase Act provides in pertinent part: "A lessor shall not report any late payment, default, or repossession to a consumer credit reporting agency... or to an investigative consumer reporting agency ... if the lessor (a) advertises "no credit check" or otherwise states or implies that no inquiry will be made of a consumer's credit history or creditworthiness or (b) does not obtain a consumer credit report or investigative consumer report on a consumer before entering into a rental-purchase agreement with that consumer." Cal. Civ. Code § 1812.640.

40.     Defendants advertised, stated, and/or implied that no inquiry would be made into Plaintiff's and other Credit Reporting Class Members' credit history. However, Koalafi continues to report Plaintiff's and other Credit Reporting Class Members' rental-purchase accounts as past due. Thus, Koalafi's credit reporting is inaccurate and in violation of the CCRAA.[1]

41.     Every month that Koalafi continues to inaccurately report a past due payment is a separate and distinct action of furnishing credit reporting information, and is therefore a separate and distinct violation of California Civil Code § 1785.25(a).

---

[1] In addition, Koalafi's reporting of Plaintiff's Account as past due is inaccurate because the Account is not past due in the manner in which Koalafi reports the Account as past due. Plaintiff's Agreement requires bi-weekly payments, and even before the Account became more than thirty days past due, Koalafi inaccurately reported the Account as past due. Plaintiff does not bring a claim under the CCRAA against Koalafi for this error, because Koalafi should not have been reporting the Account to begin with.

- 10 -

**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

42. Koalafi is a "lessor," and it knew, or should have known, that the Account should not be reported as past due.

43. Koalafi's violations were negligent at a minimum, as a reasonable person would have known that the Account payment history was not accurate, factually or legally. *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1253 (9th Cir. 2022) ("As the Consumer Financial Protection Bureau emphasized in its amicus brief, FCRA does not categorically exempt legal issues from the investigations that furnishers must conduct. The distinction between 'legal' and 'factual' issues is ambiguous, potentially unworkable, and could invite furnishers to 'evade their investigation obligation by construing the relevant dispute as a 'legal' one.'") (citation omitted).

44. Plaintiff is informed and believes that Koalafi's violations were willful, in that Koalafi acted with such a high degree of risk of committing a legal violation that was higher than mere carelessness, because Koalafi is a lessor that knew, or should have known, of its duties and obligations under the Rental-Purchase Act and the harm that it would cause to Plaintiff and Class Members.

### THIRD CAUSE OF ACTION

### UNFAIR COMPETITION LAW

### California Business & Professions Code § 17200

### (Against All Defendants)

45. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

46. The UCL defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL provides that a court may order injunctive relief to affected members of the general public as remedies for any violations of the UCL.

47. Beginning on an exact date unknown to plaintiffs, but at all times relevant herein, Defendants have committed acts of unfair and unlawful competition proscribed by the UCL, including the practices alleged herein. The acts of unfair competition include the following:

        a)    Defendants failed to include an actual business address in the Rental-Purchase Agreement. Civil Code § 1812.623(a)(1).

- 11 -

### CLASS ACTION COMPLAINT

b)    Defendants failed to include information regarding the model year of the property and/or date of acquisition of the property in the Agreement.   Civil Code § 1812.623(a)(2).

c)    Defendants failed to include the correct total amount of payment necessary to acquire ownership in the Agreement.  Civil Code § 1812.623(a)(4).

d)    Defendants failed to include the correct "Cash Price" in the Agreement.  Civil Code § 1812.623(a)(5).

e)    Defendants failed to include the correct "Cost of Rental" in the Agreement, by failing to include the Down Payment.  Civil Code § 1812.623(a)(6).

f)    Defendants unlawfully required Plaintiff to waive her right to trial by court or jury, to participate in a class action as a class representative, class member, or class opponent, or join or consolidate claim.  Civil Code § 1812.624 (a)(4).

g)    Defendants unlawfully required and collected from Plaintiff a down payment of $1,995.43.  Civil Code § 1812.624 (a)(8).

h)    Defendants failed to include failed to display the disclosures required by paragraphs (3), (4), (5), and (6) of subdivision (a) of Section 1812.623 on a tag or sticker stating that the product is available for rental-purchase.   Civil Code § 1812.623(c).

i)    Defendants advertised, stated, and/or implied that no inquiry will be made of a consumer's credit history or creditworthiness, but Koalafi reported late payments to consumer credit reporting agencies.

j)    Defendants represented that the sectional would be sold at $2,600.00, but then charged Plaintiff a total of $2,995.43, in addition to the cost of rental, which was an additional $1,316.63, for a Total of Payments of $4,312.06 (and not $2,316.63 as set forth in the Agreement).  Cal. Civ. Code §1770(a)(4), (9), (16).

48.    The business acts and practices of defendants, as hereinabove alleged, constitute unfair business practices in that said acts and practices offend public policy and are substantially

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 12 -
**CLASS ACTION COMPLAINT**

1    injurious to consumers.  These acts and practices have no utility that outweighs their substantial

2    harm to consumers.

3        49.      The business acts and practices of Defendants constitute unlawful business practices

4    in that Defendants committed acts of unfair competition, including those described above, by

5    engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§

6    17200, *et seq.*, by failing to comply with the Rental-Purchase Act, Consumer Legal Remedies Act,

7    and Consumer Credit Reporting Agencies Act.

8        50.      The unfair and unlawful business acts and practices of Defendants described herein

9    present a continuing threat to Plaintiff and members of the general public in that Defendants are

10    currently engaging in such acts and practices and will persist and continue to do so unless and until

11    a public injunction is issued by this Court.

12        51.      Pursuant to Business and Professions Code § 17203, Plaintiff seeks a public

13    injunction ordering that, moving forward, Koalafi:  (i) include its actual business address in the

14    rental-purchase agreement; (ii) include in the rental-purchase agreement the model year or date of

15    acquisition of the property if the property is new, or if the property is used, the age or model year;

16    (iii) provide a price tag disclosure on the product with sufficient notices; (iv) cease from demanding

17    and collecting down payments when consummating a rental-purchase agreement ; (v) include the

18    accurate "cash price," "total of payments," and "cost of rental" in the rental-purchase agreement;

19    and (vi) remove any provisions requiring consumers to waive trial by court or jury or waive a right

20    to participate in a class action.  Plaintiff is entitled to a public injunction as a private attorney

21    general, without the necessity of class certification.

22        52.      In addition, pursuant to Business and Professions Code § 17203, Civil Code §

23    1785.31, and/or Civil Code § 1812.636, with respect to Koalafi's unlawful credit reporting practice,

24    Plaintiff seeks an injunction ordering that Koalafi delete the tradelines relating to Credit Reporting

25    Class Members rental-purchase account and cease reporting rental-purchase accounts as late, in

26    default, or in repossession.

27        53.      Pursuant to Code of Civil Procedure § 1021.5, Plaintiff seeks recovery of her

28    attorney's fees, costs and expenses incurred in the filing and prosecution of this action.

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 13 -
**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Koalafi, and Plaintiff be awarded the following legal and equitable relief:

1. Actual damages;

2. Restitution;

3. Statutory damages of $1,000.00 for each violation pursuant to California Civil Code § 1812.636;

4. Punitive damages of $5,000.00 for each individual violation of the CCRAA, pursuant to California Civil Code § 1785.31(a)(2)(A)-(C);

5. Exemplary damages as the Court deems proper pursuant to California Civil Code § 1812.636;

6. Injunctive relief ordering Koalafi to remove the Account tradeline from Plaintiff's credit reports and from members of the Credit Reporting Class, pursuant to California Civil Code § 1785.31(b);

7. A public injunction ordering that, moving forward, Koalafi and/or Mattress Express: (i) include its actual business address in the rental-purchase agreement; (ii) include in the rental-purchase agreement the model year or date of acquisition of the property if the property is new, or if the property is used, the age or model year; (iii) provide a price tag disclosure on rental products with sufficient notices; (iv) cease from demanding and collecting down payments when consummating a rental-purchase agreement ; (v) include the accurate cash price in the rental-purchase agreement; and (vi) remove any provisions requiring consumers to waive trial by court or jury or waive a right to participate in a class action. .

8. With respect to Koalafi's unlawful credit reporting practice, an injunction ordering that Koalafi delete the tradelines relating to Credit Reporting Class Members rental-purchase account and cease reporting rental-purchase accounts as late, in default, or in repossession.

9. Reasonable attorney's fees and costs to bring and maintain the instant action, pursuant to the Rental-Purchase Act, CCRAA, and Code of Civil Procedure § 1021.5.

10. For such other and further relief as the Court may deem just and proper.

- 14 -

**CLASS ACTION COMPLAINT**

1

## TRIAL BY JURY

2       Pursuant to the Seventh Amendment to the Constitution of the United States of America,

3  Plaintiff is entitled to, and demands, a trial by jury.

4

5  Dated:  August 24, 2022            RAY KIM LAW, APC

6

7                            Raymond Y. Kim

8                            Attorneys for Plaintiff
                                  LaTesha Towns

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 15 -

**CLASS ACTION COMPLAINT**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Raymond Y. Kim, RAY KIM LAW, APC, SBN 251210, 355 South Grand Avenue, Suite 2450 Los Angeles, CA 90071 | FILED Superior Court Of California, Sacramento |
| TELEPHONE NO.: 213-204-3547    FAX NO. *(Optional):* | 08/24/2022 |
| E-MAIL ADDRESS: ray@raykimlaw.com | hpraad1 |
| ATTORNEY FOR *(Name):* Plaintiff LaTesha Towns | By_____ , Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE
STREET ADDRESS: 720 9th St.
MAILING ADDRESS: 720 9th St.
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: GORDON D. SCHABER COUNTY COURTHOUSE

Case Number:
34-2022-00325659

CASE NAME:
LaTesha Towns, et al. v. West Creek Financial, Inc.,dba Koalafi; Mattress & Furniture Express; et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [X] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (06) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* 3: (i) Civ. Code 1812.23; (ii) Civ. Code 1785.25(a); (iii) Bus. & Prof. Code 17200
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: August 24, 2022
Raymond Y. Kim
_____
(TYPE OR PRINT NAME)    ►    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courts.ca.gov* |
|---|---|---|

BY FAX

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition



**Superior Court of California, County of Sacramento**
720 Ninth Street Sacramento, CA  95814-1380 (916)
874-5522—Website www.saccourt.ca.gov

**NOTICE AND ORDER OF COMPLEX CASE DETERMINATION**

Case Title:   _LATESHA TOWNS v. WEST CREEK FINANCIAL INC._    Case Number: _2022-00325659_

Having reviewed and considered the pleadings on file, the court orders:

☑  **THE CASE IS DEEMED COMPLEX**  and is assigned to:

___✓___ Hon. Jill Talley presiding in department 25      _____ Hon. Lauri Damrell presiding in dept. 28

This assignment is for all purposes pursuant to California Rules of Court 3.734, et seq. for complex case management, law and motion, and pre-assigned to this department for trial. Other motions reference in Local Rule 1.05 shall also be heard in this department.

| This action involves one or more of the following: | The action is likely to involve: |
|---|---|
| ☐  Antitrust or trade regulations claims | ☑  Numerous pretrial motions raising difficult or novel legal issues that will be time-consuming to resolve |
| ☐  Construction defect claims involving many parties | ☑  Management of large number of witnesses or a substantial amount of documentary evidence |
| ☐  Securities claims or investment losses involving many parties | ☐  Management of a large number of separately represented parties |
| ☐  Environmental or toxic tort claims involving many parties | ☐  Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court |
| ☐  Claims involving mass torts | ☐  Substantial post judgment judicial supervision |
| ☑  Claims involving class actions | ☐  Other: |
| ☐  Insurance coverage claims arising out of any of the claims lited above | |

Government Code section 70616 establishes the fees for complex cases. Pursuant to Government Code section 70616, any non-exempt party who has appeared in this action, but who has not paid the required complex case fee, is ordered to pay the fee to the clerk within ten calendar days of the filing of this order. Failure to pay the required fees shall have the same effect as the failure to pay a filing fee, and shall be subject to the same enforcement and penalties (Cal. Gov. Code § 70616(g)).

☐  **THE CASE IS DECLARED NOT COMPLEX:** Any complex case fees that the parties have previously paid pursuant to 70616(a) or (b) shall be reimbursed upon submission of a refund request together with a copy of this minute order by the paying party to the Court's Civil General Civil Processing Unit. It may be submitted by mail or placed in one of the Civil Drop Boxes located in Room 102 and the lobby of the Gordon D. Schaber Courthouse at 720 9th Street, Sacramento CA 95814.

**The plaintiff is directed to serve all other parties with a copy of this order.**

DATED: _____ _8/26/2022_ _____

STEVEN GEVERCER
Supervising Judge Civil Division
Superior Court of California, County of Sacramento

**CERTIFICATE OF SERVICE BY MAILING**
**(C.C.P. Sec. 1013a(4))**

LATESHA TOWNS v. WEST CREEK FINANCIAL INC.
Case No.: 2022-00325659

I, the Clerk of the Superior Court of California, County of Sacramento, certify that I am not a party to this cause, and on the date shown below I served the foregoing **NOTICE and ORDER OF COMPLEX CASE DETERMINATION,** by depositing true copies thereof, enclosed in separate, sealed envelopes with the postage fully prepaid, in the United States Mail at Sacramento, California, each of which envelopes was addressed respectively to the persons and addresses shown below:

**RAYMOND KIM**
RAY KIM LAW APC
355 South Grand Ave. Ste 2450
Los Angeles, CA 90071

I, the undersigned deputy clerk, declare under penalty of perjury that the foregoing is true and correct.

Dated: 8/29/22

Superior Court of California,
County of Sacramento

A. O'Donnell   A. Muir-Harrison

# **<u>EXHIBIT C</u>**

1   ALLEN MATKINS LECK GAMBLE
      MALLORY & NATSIS LLP
2   MARSHALL C. WALLACE (BAR NO. 127103)
    MATTHEW E. LEE (BAR NO. 306799)
3   Three Embarcadero Center, 12th Floor
    San Francisco, California 94111-4074
4   Phone: (415) 837-1515
    Fax: (415) 837-1516
5   E-Mail: mwallace@allenmatkins.com
            mlee@allenmatkins.com
6
    MILES & STOCKBRIDGE
7   BRIAN MOFFET (*pro hac vice application forthcoming*)
    100 Light Street
8   Baltimore, MD 21202
    Phone: (410) 385-3656
9   E-Mail: bmoffet@milesstockbridge.com

10  Attorneys for Defendant
    WEST CREEK FINANCIAL, INC., dba KOALAFI

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                    FOR THE COUNTY OF SACRAMENTO

14

| | |
|---|---|
| 15  LATESHA TOWNS, individually and on behalf of all others similarly situated,, | Case No. 34-2022-00325659 |
| 16 | **DEFENDANT WEST CREEK** |
| 17      Plaintiff, | **FINANCIAL, INC.'S NOTICE OF FILING NOTICE OF REMOVAL TO** |
| 18      v. | **FEDERAL COURT** |
| 19  WEST CREEK FINANCIAL, INC., dba KOALAFI; MATTRESS AND | Complaint Filed: 08/24/2022 |
| 20  FURNITURE EXPRESS; and DOES 1-5,, | |
| 21      Defendant. | |

22        **TO THE CLERK OF THE SUPERIOR COURT OF CALIFORNIA FOR THE**

23  **COUNTY OF SACRAMENTO AND TO PLAINTIFF LATESHA TOWNS,**

24  **INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED:**

25        PLEASE TAKE NOTICE that on October 5, 2022, Defendant WEST CREEK

26  FINANCIAL, INC., dba KOALAFI (hereinafter "Koalafi"), filed a Notice of Removal of

27  Action in the United States District Court, Central District of California, pursuant to 28

28  U.S.C. §§ 1441 and 1446. The filing of a copy of that Notice of Removal with the Clerk of

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4885-9016-2998.1
393166.00001

DEFENDANT WEST CREEK FINANCIAL, INC.'S NOTICE OF FILING
NOTICE OF REMOVAL TO FEDERAL COURT

-45-

1   this Court shall effect the removal of this action and this Court shall proceed no further

2   unless, or until, the case is remanded.  28 U.S.C. § 1446(d).

3          A copy of Koalafi's Notice of Removal of Action filed with the United States

4   District Court is attached as Exhibit "A."

5

6   Dated:  October 5, 2022                    ALLEN MATKINS LECK GAMBLE
                                                MALLORY & NATSIS LLP
7                                               MARSHALL C. WALLACE

8                                               By:  _____

9                                                    MARSHALL C. WALLACE
                                                     Attorneys for Defendant
10                                                   WEST CREEK FINANCIAL, INC., dba
                                                     KOALAFI

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

4885-9016-2998.1
393166.00001

-2-
DEFENDANT WEST CREEK FINANCIAL, INC.'S NOTICE OF FILING
NOTICE OF REMOVAL TO FEDERAL COURT

-46-